DANIEL J. MULLIGAN, SBN 103129
JENKINS MULLIGAN & GABRIEL LLP
10085 Carroll Canyon Road, Ste. 210
San Diego, CA 92131
Telephone:     (415) 982-8500
Facsimile:      (415) 982-8515
Email:            dan@jmglawoffices.com

*Designated as Counsel for Service*
*Additional Counsel Listed on Signature Page*

Attorneys for Plaintiffs ANTONIO and BEATRIZ ESQUIVEL; and the putative class.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ANTONIO ESQUIVEL and BEATRIZ ESQUIVEL, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A; BANK OF AMERICA CORPORATION; and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Breach of Contract – Modification Agreement<br><br>2. Promissory Estoppel<br><br>3. Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.1<br><br>4. Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692<br><br>5. Violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788<br><br>6. Unfair Business Practices, California Business and Professions Code § 17200<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs, ANTONIO ESQUIVEL and BEATRIZ ESQUIVEL, individually, and on behalf of all others similarly situated, bring this action against defendants, BANK OF AMERICA, N.A; BANK OF AMERICA CORPORATION; and DOES 1 through 100 inclusive, (individually and collectively, "Defendants"), and allege, on information and belief (except as to those allegations relating to plaintiffs themselves, which are asserted on personal knowledge), as follows:

## I. JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 based on Plaintiffs' claims under the Fair Debt Collection Practices Act 15 U.S.C. § 1692.

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1362 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

## II. VENUE

3. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2) in that the unlawful conduct that gives rise to these claims occurred within the Eastern District of California. The Sacramento Division is the proper division in that the real property that is the subject of this action is located in Solano County, California.

## III. INTRODUCTION

4. This case challenges Defendants' outrageous conduct in servicing the home loan of Plaintiffs Beatriz and Antonio Esquivel ("the Esquivels"). The Esquivels fell behind on their mortgage, and applied for a modification. Bank of America offered the Esquivels a permanent loan modification, which they timely accepted. Bank of America accepted payments on the modified mortgage for several months, and required the Esquivels to agree to imposition of a $93,591.53 note and subordinate lien in favor of the Secretary of Housing and Urban Development, ostensibly as part of a "partial claim" under FHA mortgage insurance, but reneged on the modification months later. Now, Bank of America demands payment of over $13,000 in

supposed arrears and seeks to foreclose on the home.

5. This action seeks injunctive relief to stop the foreclosure sale, specific performance of the modification contract, and actual and statutory damages for unfair debt collection, unlawful credit reporting, and unlawfully unfair and bad faith conduct in the handling of their loan.

### IV. PARTIES

6. Plaintiff Antonio Esquivel is an individual and at all relevant times was a resident of Solano County.

7. Plaintiff Beatriz Esquivel is an individual and at all relevant times was a resident of Solano County.

8. Defendant Bank of America, N.A., the current servicer of the Esquivels' mortgage, is a mortgage lender and servicer with headquarters at 101 Tryon Street, Charlotte, North Carolina.  It is a wholly owned subsidiary of Bank of America Corporation, and successor by merger to BAC Home Loans Servicing LP.

9. Defendant Bank of America Corporation is a Delaware corporation with its principal executive offices in Charlotte, N.C.

10. Plaintiffs are ignorant of the names and capacity of Defendants herein sued as DOES 1-100 inclusive, and therefore sue these Defendants by such fictitious names.  When the true names and capacities of these Defendants become known, Plaintiffs will amend this Complaint to include their true names and capacities and, if necessary, will seek leave to amend to add additional allegations against them.  Plaintiffs are informed and believe, and so allege, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in the Complaint, and that Plaintiffs' damages were proximately caused by their conduct.

11. At all times mentioned herein, each defendant acted as an authorized agent, employee or other representative of each other defendant. Each act of each defendant complained of herein was committed within the scope of said agency, employment or other representation, and/or each act was ratified by each other defendant. Each defendant is liable, in whole or in part, for the damages and injuries Plaintiffs suffered.

## V. STATEMENT OF FACTS

12. Beatriz and Antonio Esquivel are senior citizens who own and live at their home at 430 La Esperanza Drive in Dixon, California.

13. The Esquivels bought their home in 2001. In 2009, they refinanced with a loan of approximately $322,975 insured by the Federal Housing Administration ("FHA"). FHA insurance coverage insures the lending institution against loss of principal in case the borrower fails to meet the terms and conditions of the mortgage. The borrower pays an up-front fee, plus an annual insurance premium, until the loan is paid down to a certain loan-to-value ratio. The borrower benefits by obtaining a lower interest rate than the lender might have offered without the insurance protection.

14. The lender, on the other hand, benefits from protection against loss if the borrower defaults. Both under traditional FHA loss mitigation procedures, and under FHA's program under the federal Home Affordable Modification Program ("HAMP"), if a lender reduces the amount due on the loan it can make a "partial claim" on the FHA insurance to be reimbursed for its loss. Under the FHA-HAMP partial claim procedure, the lender reduces the loan principal as part of a modification, requiring the borrower to execute a promissory note and subordinate mortgage payable to the Secretary of Housing and Urban Development. The partial claim promissory note caries no interest, and is not due until the borrower pays off the mortgage or no longer owns the property. The lender then files the partial claim against the FHA mortgage insurance, and is compensated by HUD both for the amount of the reduction in principal, and with incentive payments for the partial claim and for modification under the HAMP program.

15. The Esquivels fell behind on their mortgage payments. They applied to their mortgage servicer, defendant Bank of America, for a mortgage modification in or about August, 2011.

16. By letter dated September 12, 2011, Bank of America offered the Esquivels a trial mortgage modification, to run from October to December, 2011, which required monthly trial period plan payments of $1,509.52. The Esquivels timely made the three monthly payments and continued to make additional trial payments of $1,509.52 for January and February.

17. Bank of America offered the Esquivels a permanent "FHA HAMP" mortgage modification in late February, 2012. The cover letter of the package of modification documents explains the "terms and conditions" of the modification. A true and correct copy of cover letter dated February 15, 2012 ("Terms and Conditions Cover Letter") is attached hereto as **Exhibit 1**. Section A explains the terms of the modification, and tracks the terms of the attached Modification Agreement, a true and correct copy of which is attached hereto as **Exhibit 2**. The Modification Agreement states it is effective as of February 1, 2012 and reduces the unpaid balance on the Note to $226,755.02. The Modification Agreement reduces the interest rate to 4.625%, and extends the term to thirty years, making the new maturity date of loan January 1, 2042. The new principal and interest payments are $1,165.84 per month; and with escrow included, the full monthly payment starts at $1,515.96.

18. Section B of the Terms and Conditions Cover Letter states that "[y]ou must sign a subordinate mortgage ('Partial Claim Mortgage')" under which Plaintiffs promise to pay the Secretary of Housing and Urban Development $93,591.63 under certain conditions.

19. The modification documents sent to the Esquivels include a new partial claim Note and subordinate Deed of Trust for $93,591.53. A true and correct copy of the Subordinate Note is attached hereto as **Exhibit 3**. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit 4**.

20. The Esquivels accepted Bank of America's offer of an FHA-HAMP permanent loan modification by signing and notarizing the Modification Agreement, the Subordinate Note, and the Deed of Trust on February 25, 2012, returning the signed documents to Bank of America, and making payments under the modified mortgage. The permanent HAMP agreement alters the terms of the mortgage for the remaining life of the loan.

21. The Esquivels made timely payments on their modified loan of $1,515.96 in March, April, May, June, and July, 2012. The Esquivels made their first payment of $1,515.96 on March 2, 2012 because they had already made a payment in February of $1,509.52 -- approximately six dollars less than the modified amount.

22. The Deed of Trust to HUD was recorded in the Solano County Recorder's Office

1  as document No. 201200054670 on or about June 5, 2012.

2      23.    Despite the Esquivels' months of timely payments on their modified loan, and Bank of America's recordation of the partial claim deed of trust, Bank of America has continued to treat the loan as if it were in default.

    24.    The Esquivel's June, 2012 mortgage statement states that they were over $10,000 in arrears on their loan.  In July, 2012, Bank of America sent them a letter stating the amount they had paid was insufficient to cover the full payment due of $2,088.43, and returning partial payment to them.  Bank of America has since refused to accept further payments on the loan.

    25.    The Esquivels made every payment Bank of America demanded of them since November, 2011.  They have timely made every payment under the permanent modification they entered into in February, 2012, and should be current on their loan.  Instead of bringing their loan current, Bank of America has unlawfully and unfairly encumbered the Esquivels' property with a lien of over $93,000, while continuing to collect on their old loan.

    26.    Bank of America furnishes credit information on its customers to the three national credit reporting agencies, Experian, Equifax and Trans Union LLC.

    27.    As of October, 2011, rather than reporting that the Esquivels were making payments as agreed, Bank of America reported to the three credit reporting agencies that they were increasingly late on their mortgage payments.   From February, 2012, when the Esquivels became current on their mortgage, to the present, Bank of America reported them as between 120 days and 180 days late on their mortgage.

    28.    Bank of America recorded a Notice of Default against the property on or about August 2, 2012.  A true and correct copy of the recorded Notice is attached hereto as **Exhibit 5**. The Notice of Default asserted that the Esquivels were over $13,000 in arrears on their loan.

    29.    Unless the Notice of Default is rescinded, Bank of America can, under California's nonjudicial foreclosure statute, proceed with foreclosure.  Plaintiffs have no alternative but to seek judicial intervention to halt the sale of their home.

    30.    Because of Bank of America's outrageous conduct in treating the loan as in default and attempting to foreclose on the home while Plaintiffs are current on their mortgage, Plaintiffs

have suffered substantial damages, including but not limited to monetary damages from damage to their credit, unwarranted fees, and emotional harm.

## VI.  CLASS ALLEGATIONS

31. Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The "Class" is defined as follows:

    (a) All California residents who, since 2008, were offered, accepted and performed under the terms of permanent loan modifications from Bank of America and for which modifications Bank of America later denied that any such modification existed, while falsely reported the loans as delinquent to the credit bureaus;

    (b) As a specific subclass, all California residents who, since 2008, agreed to accept a subordinate note and deed of trust in favor of the Secretary of Housing and Urban Development in exchange for a permanent modification of the first mortgage, where Bank of America later denied the existence of the permanent modification of the first mortgage, while falsely reporting the mortgage as delinquent to the credit bureaus.

    (c) The Class excludes any of Bank of America's directors, officers, managers and agents.

32. Plaintiffs reserve the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

33. Plaintiffs and Class members are so numerous that joinder of all members individually, in one action or otherwise is impractical.

34. Classwide common questions of law and fact exist and predominate over questions affecting only individual class members.  Common questions include, but are not limited to:

    (a) Whether Defendants breached its promises and contracts to permanently modify loans;

    (b) Whether Defendant, after borrowers agreed to accept a subordinate lien in favor of the Department of Housing and Urban Development, denied the existence

of the new agreement;

(c) Whether Bank of America falsely reported borrowers as delinquent when they were in fact current on their loan payments, as modified;

(d) Whether Bank of America falsely denied the very existence of the loan modifications;

(e) Whether Bank of America's conduct violated the California Consumer Credit Reporting Agencies Act;

(f) Whether Bank of America's conduct constituted a violation of the federal Fair Debt Collection Practices Act and/or the Rosenthal Fair Debt Collection Practices Act; and

(g) Whether Bank of America's conduct was illegal, fraudulent or unfair.

35. Plaintiffs understand and are willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class.  Plaintiffs will fairly and adequately protect the interests of the Class and have no inters that directly conflict with the interests of the Class  Plaintiffs have retained counsel experienced in complex class litigation, and will prosecute this action vigorously.

36. Plaintiffs' claims are typical of the claims of the Class because they have been deceived an damaged by Defendants' misconduct and breach

37. Judicial determination so the common legal and factual issues in this case would be for more efficient and economical as a class action than individual determinations.

38. Plaintiff know of no difficulty that will be encountered in the management of this litigation that would preclude its being maintained as a class action.  Plaintiffs are not aware of any conflict between themselves and any other member of the class.

### VII.  CLAIMS

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Against All Defendants)**

39. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as though fully set forth herein.

40. Plaintiffs had a valid contract with Bank of America to modify their mortgage as of February 1, 2012 once they accepted by signing and notarizing the modification offer, returning it as instructed, and performing by making payments under the modification.

41. Plaintiffs performed all conditions precedent to the contract. In the alternative, Bank of America waived any conditions precedent by accepting performance under the contract in the form of monthly payments.

42. Plaintiffs performed the obligations under the loan modification agreement. They fully performed their obligations by signing, notarizing, and returning the loan modification agreement, the subordinate note, and deed of trust to HUD, and making timely monthly payments in the amount required under the modification.

43. The modification agreement obliged Bank of America to bring the loan current, to accept their payments as timely, and to credit them accordingly.

44. Bank of America breached the loan modification agreement by failing to bring the loan current, and by failing to properly credit their payments. Bank of America has breached the Modification Agreement by attempting to collect and collecting amounts that were not due and owing under the Modification Agreement, including, without limitation, past due payments, interest, late fees, and other default-related fees. Bank of America has breached the Modification Agreement by referring the loan to foreclosure and beginning nonjudicial foreclosure proceedings. Bank of America has breached the Modification Agreement by converting the terms of the Plaintiffs' loan back to the terms of the original Note and Deed of Trust when Plaintiffs were making the payments due under the Modification Agreement.

45. Bank of America's breach of the Modification Agreement has caused Plaintiffs, and the Class, damage in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
**PROMISSORY ESTOPPEL**
**(Against All Defendants)**

46. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as though fully set forth herein.

47. Through the Modification Agreement, Bank of America clearly and

unambiguously promised Plaintiffs that they would be brought current on their mortgage in exchange for entering into a new subordinate Note and Deed of Trust, among other requirements.

48. Plaintiffs relied on Bank of America's promises by entering into the partial claim subordinate Note and Deed of Trust and making payments under the Modification Agreement, until Bank of America reneged on its promises to bring their loan current.

49. Plaintiffs' reliance on the promises contained in the Modification Agreement was both reasonable and foreseeable.

50. Bank of America failed to perform its promises under the Modification Agreement by denying the existence of the Modification Agreement.

51. Plaintiffs, and the Class, were substantially injured by their reliance on Bank of America's promised modification, including without limitation a $93,000 lien on their residence, in an amount to be proven at trial.

52. Injustice can be avoided only by enforcing Defendants' promise completely.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CALIFORNIA CIVIL CODE § 1785.1
**(Against All Defendants)**

53. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as though fully set forth herein.

54. As alleged herein, and as set forth in detail above, Defendants have committed violations of the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code section 1785.1, including, without limitation, section 1785.25(a), which prohibits furnishing information that the furnisher knows or should know is incomplete or inaccurate.

55. Bank of America reported to Experian, Equifax, and Transunion that Plaintiffs were increasingly in arrears on their mortgage with Bank of America after October, 2011. In fact, they were paying the full amount due under an agreement from October, 2011 to January, 2012, and were current from February, 2012 forward.

56. Bank of America's reports were incomplete, inaccurate, and misleading.

57. Bank of America knew or should have known its reports were incomplete,

inaccurate, and misleading, but nevertheless has reported and continued to report Plaintiffs' mortgage as in default.

58. Bank of America's willful practice of so reporting has caused and continues to cause damage to Plaintiffs because it reduces their credit score and impedes or prevents them from getting credit.

59. Pursuant to California Civil Code sections 1785.31, Plaintiffs, and the Class, are entitled to recover actual damages including court costs, loss of wages, attorney's fees and pain and suffering, in an amount to be proven at trial.  In addition, pursuant to California Civil Code sections 1785.31(a)(2) and 1785.31(c), because Bank of America's violations of the CCRAA were committed willingly and knowingly, Plaintiffs, and the Class, are entitled to recover penalties of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692**
**(Against all Defendants)**

60. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as though fully set forth herein.

61. Bank of America is a "debt collector" within the meaning of 15 U.S.C. § 1692a because Bank of America sent mortgage bills to Plaintiffs, and to the Class, Plaintiffs, and the Class, made their mortgage payments to Bank of America, Bank of America accepted those payments, and Bank of America made demands for payment after default by sending letters, making telephone calls, and other attempts to collect payments promissory notes and enforce deeds of trust, which are security interests.

62. The monies allegedly owed by Plaintiffs are a "debts" within the meaning of 15 U.S.C. § 1692a because Plaintiffs' and the Class's promissory notes secured by deeds of trust on their residences are "obligation[s] or alleged obligation[s] of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."

63. As alleged herein, and as set forth in detail above, Defendants have committed

violations of the federal Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, including without limitation: making false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C. § 1692e, and using unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. § 1692f.

64. Bank of America made a false, deceptive, or misleading representation to Plaintiffs, and the Class, when it represented to Plaintiffs, and the Class, that if Plaintiffs, and the Class, accepted liens in favor of the Secretary of Housing and Urban Development on their residences and made certain payments to Bank of America, Bank of America would provide Plaintiffs, and the Class, with permanent modifications.

65. Bank of America used unfair or unconscionable means to collect or attempt to collect any debt when it attempted to collect on the original amount due under the promissory note, including taking or threatening to take nonjudicial action to effect dispossession, after modification and imposition of liens in favor of the Secretary of Housing and Urban Development on Plaintiffs' and the Class's residences.

66. Pursuant to 15 U.S.C. § 1692k(a), Plaintiffs, and the Class, are entitled to recover actual damages sustained as a result of Bank of America's violations of the FDCPA in an amount to be proven at trial. In addition, pursuant to 15 U.S.C. § 1692(a)(2)(A) Plaintiffs are entitled to recover statutory damages up to $1,000 and pursuant to 15 U.S.C. § 1692(a)(2)(B) the Class is entitled to recover an amount not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector.

67. Pursuant to 15 U.S.C. § 1692k(a)(3), Plaintiffs, and the Class, are entitled to recover all attorneys' fees, costs, and expenses incurred in the bringing of this action.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTIONS ACT,**
**CALIFORNIA CIVIL CODE § 1788**
**(Against All Defendants)**

68. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as though fully set forth herein.

69. Bank of America is a "debt collector" within the meaning of California Civil Code

section 1788.2(c) because Bank of America sent mortgage bills to Plaintiffs and to the Class, Plaintiffs and the Class made their mortgage payments to Bank of America, Bank of America accepted those payments, and Bank of America made demands for payment after default by sending letters, making telephone calls, and other attempts to collect mortgage payments.

70. The monies allegedly owed by Plaintiff are a "debt" within the meaning of California Civil Code section 1788.2(d) because Plaintiffs' and the Class's promissory notes secured by their real property are "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person."

71. As alleged herein, and as set forth in detail above, Defendants have committed violations California's Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 ("RFDCPA"), which incorporates by reference, and requires compliance with, the provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. The FDCPA and, therefore, the RFDCPA, prohibits, without limitation: making false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C. § 1692e and using unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. § 1692f.

72. Bank of America made a false, deceptive, or misleading representation to Plaintiffs, and the Class, when it represented to Plaintiffs, and the Class, that if Plaintiffs, and the Class, accepted liens in favor of the Secretary of Housing and Urban Development on their residences and made certain payments to Bank of America, Bank of America would provide Plaintiffs, and the Class, with permanent modifications.

73. Bank of America used unfair or unconscionable means to collect or attempt to collect any debt when it attempted to collect on the original amount due under the promissory note, including taking or threatening to take nonjudicial action to effect dispossession, after modification and imposition of liens in favor of the Secretary of Housing and Urban Development on Plaintiffs' and the Class's residences.

74. Pursuant to California Civil Code sections 1788.30 and 1788.17, Plaintiffs, and the Class, are entitled to recover actual damages sustained as a result of Bank of America's violations

of the RFDCPA. Such damages include, without limitation, monetary losses and damages, and emotional distress suffered, which damages are in an amount to be proven at trial. In addition, pursuant to California Civil Code sections 1788.30 and 1788.17, because Bank of America's violations of the RFDCPA were committed willingly and knowingly, Plaintiffs, and the Class, are entitled to recover penalties of at least $1,000 per violation as provided for in the Act.

75. Pursuant to California Civil Code sections 1788.30 and 1788.17, Plaintiffs, and the Class, are entitled to recover all attorneys' fees, costs, and expenses incurred in the bringing of this action.

**SIXTH CAUSE OF ACTION**
**VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200.**
**(Against all Defendants)**

76. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as though fully set forth herein.

77. California Business and Professions Code section 17200 et seq. ("Section 17200"), also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any "unlawful, unfair, fraudulent or deceptive business act or practice" as well as "unfair, deceptive, untrue or misleading advertising."

78. Defendants' conduct was unlawful in that violates:

(a) the CCRAA as described herein;

(b) the FDCPA as described herein; and

(c) the RFDCPA as described herein.

79. Defendants' conduct was unfair in that:

(a) Defendants promised, but failed to provide Plaintiffs with a permanent modification and, instead, initiating foreclosure procedures against the Subject Property;

(b) reporting Plaintiffs' accounts as delinquent to credit reporting agencies, even though Plaintiffs made all the payments Bank of America requested after October, 2011;

- 14 -
CLASS ACTION COMPLAINT

     (c)    refusing to accept timely payments and initiating foreclosure proceedings against Subject Property when Plaintiffs were current under the modification; and

     (d)    wrongfully encumbering the Esquivels' property with a debt and lien for over $93,000.

80. Defendants' conduct was fraudulent in that:

     (a)    Defendants' promised to provide a permanent modification in exchange for Plaintiffs' acceptance of a subordinate lien on the Subject Property, but failed to provide the permanent modification after Plaintiffs agreed to the subordinate lien.

81. As a direct and proximate result of defendants' unlawful and unfair business practices, Plaintiffs have been injured in fact and have lost money or property due to the imposition of a $93,591.53 note and subordinate lien in favor of the Secretary of Housing and Urban Development on their residence.

82. As a direct and proximate result of Defendants' unlawful and unfair business practices, defendants have been unjustly enriched and should be ordered to make restitution to Plaintiffs and the Class pursuant to Business and Professions Code sections 17203 and 17204.

83. The unlawful, unfair and fraudulent business practices of Defendants described herein present a continuing threat to Plaintiffs and the Class; and will not cease doing so unless and until forced to do so by this Court. Defendants' conduct is causing and will continue to cause irreparable injury to Plaintiffs and the Class unless enjoined or restrained.

84. Plaintiffs seek restitution and injunctive relief pursuant to Business and Professions Code section 17203, including but not limited to: an Order requiring that Defendants correct their accounting of the Loan and their reporting of the Loan to the credit reporting agencies; restitution of wrongful charges of fees and interest on the Loan; and such other and further relief as the Court may deem proper and just.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray that the Court grant the following relief:

1. For an Order certifying this case as a class action and appointing Plaintiffs and

- 15 -

CLASS ACTION COMPLAINT

their counsel to represent the Class members;

2. That the Court assume supplemental jurisdiction over all state law claims, pursuant to 28 U.S.C. § 1367;

3. For judgment in favor of Plaintiffs and against Defendants on all claims;

4. For preliminary and permanent injunctive relief prohibiting Defendants and their employees, agents, and persons acting with them or on their behalf, from transferring ownership of or further encumbering the Plaintiffs' residence;

5. For an Order for specific performance of its contractual obligations;

6. For an Order to enforce Defendants' promises made in the Modification Agreement under the doctrine of promissory estoppel;

7. For an Order requiring that Defendants correct their accounting of the Loan and their reporting of the Loan to the credit reporting agencies;

8. For actual damages according to proof;

9. For statutory damages according to proof;

10. In the alternative to damages, for an order that Defendant be ordered to make restitution to Plaintiffs pursuant to California Business and Professions Code § 17203;

11. For any award to Plaintiff of the costs of this action, including the fees and costs of experts, together with reasonable attorney's fees, costs and expenses;

12. For all other relief at law or in equity that Plaintiffs are entitled to by law that this Court deems just and proper.

Respectfully submitted,

Dated: October 5, 2012         LAW OFFICE OF ERIC ANDREW MERCER

By: /s/ Eric Andrew Mercer

ERIC ANDREW MERCER
Attorney for Plaintiffs

///
///
///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ERIC ANDREW MERCER, SBN 248707
LAW OFFICE OF ERIC ANDREW MERCER
770 L Street, Suite 950
Sacramento, CA 95814
Telephone:	(916) 361-6022
Facsimile:	(916) 361-6023
Email:		mercerlegal@me.com

MAEVE ELISE BROWN, SBN 137512
ELIZABETH S. LETCHER, SBN 172986
HOUSING AND ECONOMIC RIGHTS ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, CA 94612
Tel:  (510) 271-8443
Fax: (510) 868-4521
eletcher@heraca.org

CLASS ACTION COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of each and every claim so triable.

Dated: October 5, 2012                        LAW OFFICE OF ERIC ANDREW MERCER

By: _____

ERIC ANDREW MERCER
Attorney for Plaintiffs