IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ESQUIVEL and BEATRIZ ESQUIVEL, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; and Does 1 through 10, inclusive,<br><br>    Defendants. | 2:12-cv-02502-GEB-KJN<br><br><u>ORDER GRANTING MOTION TO DISMISS FEDERAL CLAIM WITH PREJUDICE AND DISMISSING REMAINING STATE CLAIMS UNDER 28 U.S.C. § 1367(c)</u> |

Defendants seek dismissal of all claims in Plaintiffs' complaint, arguing under Federal Rule of Civil Procedure 12(b)(6) that the allegations are insufficient to constitute viable claims. Plaintiffs' complaint is comprised of a federal claim alleged under the Federal Debt Collection Practices Act ("FDCPA") and several state claims. Since subject matter jurisdiction is premised solely on Plaintiffs' FDCPA claim, the portion of the motion challenging the sufficiency of this claim is addressed first.

1

**I. FDCPA CLAIM**

Plaintiffs allege in their complaint that "Bank of America is [liable to Plaintiffs as a] 'debt collector' within the meaning of [the FDCPA because] Bank of America made demands for [a mortgage] payment after default . . . ." (Compl. ¶ 61, ECF No. 1.) Plaintiffs also allege that "Defendant Bank of America, N.A., the current servicer of [their] mortgage, . . . is a wholly owned subsidiary of Bank of America Corporation, and successor by merger to BAC Home Loans Servicing LP." (Id. at ¶ 8.)

Plaintiffs include in their opposition brief the following facts concerning the merger, of which judicial notice is taken as Plaintiffs' request: "the merger of BAC Home Loans Servicing, [LP] into defendant Bank of America, N.A., [was] effective July 1, 2011." (Pls.' Req. Judicial Notice 2:7-9, ECF No. 22.)

Plaintiffs also include in their opposition brief the following proposed amendments to their complaint, which are treated as judicial admissions:

> [T]o the extent Plaintiffs are required to expressly allege Bank of America, N.A. acquired the debt after default, and have failed to do so, Plaintiffs can easily amend to make that allegation . . . Plaintiffs respectfully request that they be permitted to amend their complaint to allege: "1) that Plaintiffs defaulted at some time before June 2011; 2) that <u>BAC Home Loans Servicing, LP was their servicer when they defaulted</u>; and 3) that Bank of America, N.A. became their mortgage loan servicer and began its debt collection activity only after the loan was already in default."

(Opp'n Mot. Dismiss 15:14-20, ECF No. 21 (emphasis added)); <u>Am. Title Ins. Co. v. Lacelaw Corp.</u>, 861 F.2d 224, 226-27 (9th Cir. 1988) (holding "that statements of fact contained in a brief may be considered admissions of the party in the discretion of the district court."); <u>see</u>

2

also <u>Maloney v. Scottsdale Ins. Co.</u>, 256 F. App'x 29, 31–32 & n.3 (9th Cir. 2007) (affirming district court dismissal of a complaint under Rule 12(b)(6) reasoning that plaintiffs' "allegation of imperfect self-defense constitute[d] a judicial admission" and stating that "[j]udicial admissions apply only to factual statements, not statements of law.").

Defendants argue, <u>inter alia</u>, since BAC Home Loans Servicing, LP merged into Defendants, Defendants are BAC Home Loans Servicing, LP's successor-in-interest, and consequently Defendants obtained Plaintiffs' debt before Plaintiffs' defaulted on the debt. Defendants contend therefore, they are not "debt collectors" under the FDCPA.

Plaintiffs counter that because the merger occurred after Plaintiffs' defaulted on the subject debt, "Bank of America, N.A. acquired the debt after default," and therefore, Bank of America, N.A. is within the FDCPA's definition of "debt collector." (Opp'n 15:13–14.) Plaintiffs also state: "At the time the [Plaintiffs] defaulted, their loan was in fact serviced by BAC Home Loans Servicing, LP." (<u>Id.</u> at 15:9-10.) Defendant replies: "Just as BAC [Home Loans] is not a 'debt collector' under the FDCPA . . . , neither is its successor by merger, B[ank of] A[merica,] NA," a debt collector. (Reply 3:18–20, ECF No. 28.)

The FDCPA explicitly states certain persons are not considered "debt collectors" including: "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was <u>obtained</u> by such person." 15 U.S.C. § 1692a(6)(F)(iii) (emphasis added). "Although the statute does not define 'obtained,' at least one circuit court has held that when a

3

defendant company acquires a debt though its merger with a previous creditor of the plaintiff rather than via a specific assignment, the debt was not 'obtained' while it was in default; thus, the defendant company was not a debt collector under the FDCPA." Dues v. Capital One, NA, No. 11-CV-11808, 2011 WL 3799762, at *4 (E.D. Mich. Aug. 8, 2011) (citing Brown v. Morris, 243 F. App'x 31, 34 (5th Cir. 2007), report and recommendation adopted in full, No. 11-CV-11808, 2011 WL 3799712 (E.D. Mich. Aug. 29, 2011).

This reasoning is persuasive and is adopted. Therefore, since Bank of America, N.A. "obtained" the debt when its predecessor in interest, BAC Home Loans Servicing, LP, obtained the debt, neither Defendant is a 'debt collector' under the FDCPA. See Meyer v. Citimortgage, Inc., No. 11-13432, 2012 WL 511995, at *7 (E.D. Mich. Feb. 16, 2012) ("[Defendant] is the successor by merger to . . . the originating lender and mortgagee, and therefore it is impossible for the loan to have been in default at the time [defendant] received its interest.") Casas v. Wells Fargo Bank, N.A., No. 5:12-cv-01742-EJD, 2012 WL 5877641, at *4 (N.D. Cal. Nov. 20, 2012) (dismissing FDCPA claim because "[a]s World Savings Bank, FSB's successor-in-interest, Defendant . . . . cannot be considered a 'debt collector' under the FDCPA."); Caraang v. PNC Mortg., 795 F. Supp. 2d 1098, 1123 (D. Haw. 2011) (dismissing FDCPA claim "because [defendant] acquired Plaintiffs' Note and Mortgage by merging with NCB, not through assignment."), aff'd on separate grounds, 481 F. App'x 362 (9th Cir. 2012); Centennial Bank v. Noah Grp., LLC, 755 F. Supp. 2d 1256, 1260 (S.D. Fla. 2010) (dismissing FDCPA claim sua sponte because "Centennial Bank is not a 'debt collector'—it arguably originated the debt as a merged entity with Marine Bank . . . . [T]he FDCPA does not apply to this case."). Since

4

neither Defendant is a "debt collector" within the meaning of the FDCPA, Plaintiffs' FDCPA claim will be dismissed.

Defendants argue dismissal should be with prejudice. Plaintiffs counter that they should be given leave to amend based on proposed factual allegations in their opposition brief which they intend to include in an amended complaint. However, Plaintiffs' proposed amendment disregards the significance of the merger, and evinces that Plaintiffs cannot cure the defect in their FDCPA claim through amendment. Therefore, Plaintiffs' FDCPA claim is dismissed with prejudice. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of . . . leave to amend."); Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) (stating a "district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

## II. SUPPLEMENTAL JURISDICTION

In light of the dismissal of the sole federal claim, the Court may sua sponte decide whether to continue exercising supplemental jurisdiction over Plaintiffs' state claims. 28 U.S.C. § 1367(c). Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over [state] claim[s]" when "the district court has dismissed all claims over which it has original jurisdiction." "While discretion to decline . . . supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the . . . values of economy, convenience, fairness and comity" as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997).

5

Judicial economy does not favor continuing to exercise supplemental jurisdiction, since the court has not considered the state claims. See Otto v. Heckler, 802 F.2d 337, 338 (9th Cir. 1986) ("[T]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction or if it should more properly dismiss the claims without prejudice." (citation omitted)). Nor do the comity and fairness factors weigh in favor of exercising supplemental jurisdiction since "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726; accord Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 715 (9th Cir. 1990) ("In a case in which all federal law claims are eliminated before trial, the balance of these factors will generally point toward declining to exercise jurisdiction over the remaining state law claims."). Therefore, Plaintiffs' state claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3) on the date on which this order is filed.

### III. CONCLUSION

For the stated reasons, judgment shall be entered on Plaintiffs' Federal Debt Collection Practices Act claim in favor of Defendants, and this action shall be closed.

Dated: February 21, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge

6