IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ESQUIVEL and BEATRIZ ESQUIVEL, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; and Does 1 through 10, inclusive,<br><br>Defendants. | 2:12-cv-02502-GEB-KJN<br><br>ORDER VACATING JUDGMENT, DEEMING COMPLAINT AMENDED TO ALLEGE DIVERSITY JURISDICTION, AND SCHEDULING STATUS CONFERENCE |

Plaintiffs move under 28 U.S.C. § 1653 and Federal Rules of Civil Procedure 15(a) and 59(e) for an order that would "reopen the case" and permit Plaintiffs to amend their Complaint to allege diversity jurisdiction. (Pls.' Mot. to Reopen & for Leave to Amend ("Mot.") 3:9-19, ECF No. 34.) In essence, Plaintiffs request the Court reconsider "its ruling on the jurisdictional issue" in its February 21, 2013 Order granting Defendants' dismissal motion on the sole federal claim and dismissing the state claims under 28 U.S.C. § 1367(c).[1] (Id. at 3:10-19.) Plaintiffs also request:

> that in the interests of justice and efficiency, the Court . . . either exercis[e] supplemental

---

[1] Plaintiffs "do[] not challenge th[e] Court's ruling [dismissing] the [federal] FDCPA claim." (Pls.' Mot. 3:9-10.)

> jurisdiction, or deem[] the Complaint amended to allege diversity jurisdiction[,] . . . [to] allow it to decide the fully briefed motion to dismiss on the merits, avoiding unnecessary uncertainty and delay for the elderly Plaintiffs and members of the putative class.

(Id. at 3:20-25.)

Plaintiffs request the Court reconsider its grant of judgment under Federal Rule of Civil Procedure ("Rule") 59(e), arguing "[f]ailure to reopen and allow Plaintiffs[] [to amend their] Complaint would be manifestly unjust because diversity jurisdiction is present in this case[,] and permitting amendment is in the interests of justice to avoid dismissal of this suit on purely technical grounds." (Id. at 4:27-5:10.) Plaintiffs argue, *inter alia*, that 28 U.S.C. § 1653 "explicitly allows parties to amend defective allegations of jurisdiction in either the trial or appellate courts[,]" and

> [b]ecause facts supporting diversity jurisdiction appear in the Complaint, Plaintiffs' failure to explicitly plead diversity as a ground for jurisdiction, as required by [Rule] 8(a)(1) and [Local Rule] 204, and their failure to plead the California citizenship (as opposed to residence) of the Plaintiffs is, at most, a technical rather than substantive defect in pleading.

(Id. at 8:13-14, 9:12-16.)

Defendants oppose Plaintiffs' request to reopen the case, arguing the amount in controversy requirement is not met for diversity jurisdiction. (Defs.' Opp'n to Pls.' Mot. to Reopen & for Leave to Amend ("Opp'n") 2:22-24, ECF No. 35.) Defendants argue that "[r]egardless of the merits of Plaintiffs' allegations," Plaintiffs "received the loan modification sought in the Complaint," in October of 2012, "and as such, the entire basis of the amount in controversy is non-existent." (Id. at 2:12-13, 2:22-24.)

2

Plaintiffs reply: "[i]t is well-settled that a claim in excess of the amount in controversy, made in good faith in the complaint, satisfies the jurisdictional requirement[;] . . . [e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." (Pls.' Reply 1:26-2:2, ECF No. 36.) Plaintiffs argue: "[b]ecause [Plaintiffs] alleged that Bank of America wrongfully imposed a $93,000 lien on their home, the amount in controversy is met." (Id. at 2:6-7.)

"Under 28 U.S.C. § 1653, [the Court] ha[s] the authority to grant leave to amend a complaint in order to cure defective allegations of jurisdiction." Snell v. Cleveland, Inc., 316 F.3d 822, 828 (9th Cir. 2002). Section "1653 is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." Whitmire v. Victus Ltd., 212 F.3d 885, 887-88 (5th Cir. 2000). However, "[s]ection 1653 provides a remedy for defective allegations only; 'it does not provide a remedy for defective jurisdiction itself.'" Morongo Band of Mission Indians v. Cal. State Board of Equalization, 858 F.2d 1376, 1380 n.3 (9th Cir. 1988) (quoting Field v. Volkswagenwerk AG, 626 F.2d 293, 306 (3rd Cir. 1980)).

Here, "allowing [Plaintiffs] to cure [their] jurisdictional defect by stating the requisite facts showing that diversity jurisdiction exists as an alternative basis for subject matter jurisdiction would not create jurisdiction where it did not previously exist." Whitmire, 212 F.3d at 888; see also D.C. ex rel. Am. Combustion, Inc. v. Transam. Ins. Co., 797 F.2d 1041, 1044 (D.C. Cir. 1986) (stating "section 1653's liberal amendment rule permits a party who has not proved, or even alleged, that diversity exists to amend his pleadings even as late as on appeal"). Further, "diversity jurisdiction is

determined at the time the action commences, and a federal court is not divested of jurisdiction . . . if the amount in controversy subsequently drops below the minimum jurisdictional level." Hill v. Blind Indus. & Servs. of Md., 179 F.3d 754, 757 (9th Cir. 1999), opinion amended on denial of reh'g, 201 F.3d 1186 (9th Cir. 2000). Since Plaintiffs' Complaint stated an amount in controversy in excess of the jurisdictional level "at the time the action [was] commence[d]," id., they have satisfied the amount in controversy requirement.

For the stated reasons, the judgment is vacated, and Plaintiffs' Complaint is deemed amended to properly allege diversity jurisdiction. See Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir. 1996) ("[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60."); see also A.J. Oliver v. Ralphs Grocery Co., 654 F.3d 903, 908 (9th Cir. 2011) (deeming "the complaint's defective allegations of jurisdiction amended and the jurisdictional defect cured").

Further, decision on Defendants' previously-filed and fully briefed motion to dismiss Plaintiffs' state claims, which are challenged under Rule 12(b)(6), will follow in a separate order. See Fed. R. Civ. P. 1 (stating the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

///
///
///
///
///

4

1    Also, a Status (Pretrial Scheduling) Conference is scheduled
2 on August 5, 2013, at 9:00 a.m.  A joint status report shall be filed
3 fourteen (14) days prior to the status conference.

Dated:  June 14, 2013

                                            GARLAND E. BURRELL, JR.
                                            Senior United States District Judge