DANIEL J. MULLIGAN, SBN 103129
JENKINS MULLIGAN & GABRIEL LLP
10085 Carroll Canyon Road, Ste. 210
San Diego, CA 92131
Telephone:     (415) 982-8500
Facsimile:      (415) 982-8515
Email:          dan@jmglawoffices.com

Attorneys for Plaintiffs ANTONIO AND
BEATRIZ ESQUIVEL; and the putative class.

JAMES W. MCGARRY (*PRO HAC VICE*)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
Telephone:     (617) 570-1000
Facsimile:      (617) 523-1231
Email:          jmcgarry@goodwinprocter.com

Attorneys for BANK OF AMERICA, N.A. and
BANK OF AMERICA CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| ANTONIO ESQUIVEL AND BEATRIZ ESQUIVEL, individually, on behalf of all others similarly situated, and on behalf of the general public | Case No. 2:12-CV-02502-GEB-KJN |
| | **STIPULATED PROTECTIVE ORDER** |
| Plaintiffs, | |
| v. | |
| BANK OF AMERICA, N.A, et al., | |
| Defendants. | |

- 1 -

1   **1.      PURPOSES AND LIMITATIONS**

2           Disclosure and discovery activity in this action are likely to involve production of

3   confidential, proprietary, or private information for which special protection from public

4   disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

5   Accordingly, Plaintiffs Antonio Esquivel and Beatriz Esquivel, and defendants Bank of America,

6   N.A. and Bank of America Corporation (collectively, the "Parties", each individually a "Party")

7   hereby stipulate to and petition the Court to enter the following Stipulated Protective Order

8   ("Protective Order" or "Order").  The Parties acknowledge that this Order does not confer blanket

9   protections on all disclosures or responses to discovery and that the protection it affords from

10  public disclosure and use extends only to the limited information or items that are entitled to

11  confidential treatment under the applicable legal principles.  The Parties further acknowledge, as

12  set forth in Section 12.3, below, that this Protective Order does not entitle them to file

13  confidential information under seal; Civil Local Rule 140 and 141 and General Order 164 set

14  forth the procedures that must be followed and the standards that will be applied when a Party

15  seeks permission from the Court to file material under seal.

16  **2.      DEFINITIONS**

17          **2.1      Challenging Party:**  a Party or Non-Party that challenges the designation of

18  information or items under this Order.

19          **2.2      "CONFIDENTIAL" Information or Items:**  information (regardless of how it is

20  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

21  of Civil Procedure 26(c), including:

22                  (a)    information that constitutes a trade secret in accordance with the Uniform

23          Trade Secrets Act;

24                  (b)    non-public communications with regulators or other governmental bodies

25          that are protected from disclosure by statute or regulation;

26                  (c)    information, materials, and/or other documents reflecting non-public

27          business or financial strategies, and/or confidential competitive information which, if

28          disclosed, would result in competitive harm to the Designating Party;

- 2 -

(d)      information subject to federal or California privacy rights;

(e)      individual personal information that is protected from disclosure under state or federal law, including identifying personal financial information, about any Party, and employee of any Party, or any third party;

(f)      borrower specific and/or credit applicant specific information, including private consumer information that contains identifying contact or private financial information provided by a consumer to a financial institution resulting from any transaction with the consumer or any service performed for the consumer, or otherwise obtained by the financial institution, including any list, description, or other grouping of consumers (and publicly available information pertaining to them) that is derived using any nonpublic personal information, including any "nonpublic personal information" such as that identified by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.*; and

(g)      information regarding any individual's banking or lending relationships, including, without limitation, information regarding the individual's mortgage or credit history.

**2.3      Counsel (without qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff).

**2.4      Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL"

**2.5      Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to answers to interrogatories, responses to requests for production, responses to requests for admission, deposition and exhibits, and transcripts of depositions and hearings (or portions of such transcripts).

**2.6      Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as

- 3 -

a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.7    House Counsel:**  attorneys who are employees of a Party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.8    Non-Party:**  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.9    Outside Counsel of Record:**  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.10    Party:**  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.11    Producing Party:**  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.12    Professional Vendors:**  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.13    Protected Material:**  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL"

**2.14    Receiving Party:**  a Party and his, her or its Counsel of Record in this litigation that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following

- 4 -

information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Absent written agreement of the Designating Party that Protected Material (or specific portions thereof) need not be maintained as such under the terms of this Order or an order of this Court, the confidentiality obligations imposed by this Order shall remain in effect even after final disposition of this litigation.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

**5.1      Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

- 5 -

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2    Manner and Timing of Designations.**  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Nothing in this Order concerning designation for protection, however, shall be interpreted as controlling the form of production of any material by any Designating Party.

Designation in conformity with this Order requires:

(a)  for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed Protected Material.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, a Designating Party may specify, at the deposition or up to thirty (30) days from receipt of the transcript from the court reporter if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL"

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3**     **Inadvertent Failures to Designate**.  If any "CONFIDENTIAL" information or items are inadvertently provided to a discovering party without being marked appropriately as Protected Material in accordance with this Order, the Producing Party may thereafter designate such material(s) as "CONFIDENTIAL" and the initial failure to so mark the material shall not be deemed a waiver of its confidentiality.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1**     **Timing of Challenges**.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

- 7 -

**6.2**     **Meet and Confer.**  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Section of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3**     **Judicial Intervention.**  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a noticed motion pursuant to Civil Local Rule 251 to challenge confidentiality (in compliance with Civil Local Rules 140 and 141, if applicable) within twenty-one (21) days of receipt of written notice from the Challenging Party that the Parties have not resolved the challenge to a confidentiality designation, unless the Parties mutually agree to a longer period.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding Section.  Failure by the Designating Party to make such a motion including the required declaration within twenty-one (21) days (or a longer period if the Parties agree) shall automatically waive any challenge to the confidentiality designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All Parties shall continue to afford the material in question the level of protection to

- 8 -

which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

    **7.1** **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, as defined in Section 4, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    **7.2** **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a)  the Receiving Party's Outside Counsel of Record in this action, House Counsel, and employees of said Counsel to whom it is reasonably necessary and only for the purpose of conducting or assisting in this litigation;

        (b)  the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d)  the Court and its personnel;

        (e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**7.3**      Regardless of designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, Counsel may discuss such conduct or statements with such witness without revealing any portion of the information or discovery material other than that which specifically refers to such conduct or statements, and such discussion shall not constitute disclosure within the terms of this Order.

**7.4**      **<u>Limitations on Use of "CONFIDENTIAL" Information</u>**.  A Receiving Party, including, his, her or its Counsel, receiving "CONFIDENTIAL" information shall use them (and any information derived from them) solely for purposes of this litigation and/or in any settlement negotiations between the Parties with respect to this litigation; and shall not use them for any other purpose, including, without limitation, (a) in connection with any other present or future disputes, proceedings or litigation (including, without limitation, any lawsuit against Bank of America, N.A. or Bank of America Corporation (or any of its current or former affiliated entities under Bank of America Corporation)); (b) to prosecute, amend and/or conduct discovery in any other present or future litigation or lawsuit against Bank of America, N.A. or Bank of America Corporation (or any of its current or former affiliated entities under Bank of America Corporation) involving any of Plaintiffs' counsel or their respective firms; and/or (c) to contact absent class members absent a Court order permitting such contact, or until a class is certified. Nothing in this section shall be construed to limit Counsel's ability to communicate with any

1    named plaintiff or with current or former borrowers who contact Plaintiffs' Counsel, or to receive

2    any information from such current or former borrowers who contact Plaintiffs' Counsel.

3    **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

4    **OTHER LITIGATION**

5    If a Receiving Party is served with a subpoena or a court order issued in other litigation

6    that compels disclosure of any information or items designated in this action as

7    "CONFIDENTIAL" the Receiving Party must:

8    (a)  promptly notify in writing the Designating Party and in any event no more

9    than three (3) court days after receiving the subpoena or order.  Such notification shall

10   include a copy of the subpoena or court order;

11   (b)  promptly notify in writing the party who caused the subpoena or order to issue

12   in the other litigation that some or all of the material covered by the subpoena or order is

13   subject to this Protective Order.  Such notification shall include a copy of this Protective

14   Order; and

15   (c)  cooperate with respect to all reasonable procedures sought to be pursued by

16   the Designating Party whose Protected Material may be affected.

17   If the Designating Party timely seeks a protective order, the Party served with the

18   subpoena or court order shall not produce any information designated in this action as

19   "CONFIDENTIAL" before a determination by the court from which the subpoena or order

20   issued, unless the Party has obtained the Designating Party's permission.  The Designating Party

21   shall bear the burden and expense of seeking protection in that court of its confidential material –

22   and nothing in these provisions should be construed as authorizing or encouraging a Receiving

23   Party in this action to disobey a lawful directive from another court.

24   **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

25   **THIS LITIGATION**

26   (a)  The terms of this Order are applicable to information produced by a Non-Party in this

27   action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in

28   connection with this litigation is protected by the remedies and relief provided by this Order.

- 11 -

Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

- 12 -

**11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If a Party inadvertently produces information that it later discovers, or in good faith later asserts, to be subject to any legal privileges, including but not limited to, the attorney-client privilege or work product doctrine, or is otherwise protected from disclosure, the production of that information will not be presumed to constitute a waiver of any applicable privileges or other protections.  In these circumstances, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  The Producing Party must immediately notify all parties in writing of the inadvertent production and the basis for the claim of privilege or other protection from production, and request in writing the return or confirmed destruction of the privileged or protected information.  Within five (5) days of receiving such notification, and in compliance with the Receiving Parties' ethical obligations under the law, all Receiving Parties who have not already reviewed such materials or who have reviewed the materials but do not contest the applicability of the privilege asserted must return or confirm destruction of all such materials, including copies and/or summaries thereof.  However, should a Receiving Party contest the applicability of a privilege asserted with respect to an inadvertently produced document which the Receiving Party has already reviewed, the Receiving Party may temporarily retain the document or documents at issue, segregated and not further copied or disseminated, for the sole purpose of contesting the applicability of the privilege asserted.  Within two (2) business days of the issuance of a court order deeming the contested documents at issue privileged, or protected from production, the Receiving Party must return or confirm destruction of all such materials, including copies and/or summaries thereof.

**12.     MISCELLANEOUS**

**12.1     Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**12.2     Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party

- 13 -

waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3**   **Filing Protected Material.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rules 140 and 141 and General Order 164. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rules 140 and 141 and General Order 164, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rules 140 and 141 and General Order 164 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rules 140 and 141 unless otherwise instructed by the court.

**12.4**   **No Modification of Privileges**.  Nothing in this Protective Order shall modify the law regarding the attorney-client privilege, the attorney work-product privilege, the joint defense privilege, and any other applicable privilege or reason for non-disclosure with respect to trade secrets or other Confidential Information.

**12.5**   **Agreements and Local State and Federal Law Regarding "Confidential Information".**  No Party may be deemed to violate any federal, state or local laws or agreements governing the disclosure of confidential, personal or proprietary information by producing any such information in this litigation, and compliance with this Order.

**13.**   **FINAL DISPOSITION**

Unless otherwise ordered or agreed-to in writing by the Producing Party, within sixty (60) days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected

- 14 -

1  Material is returned or destroyed, the Receiving Party must submit a written certification to the

2  Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)

3  day deadline that (1) identifies (by category, where appropriate) all the Protected Material that

4  was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies,

5  abstracts, compilations, summaries or any other format reproducing or capturing any of the

6  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

7  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

8  correspondence, deposition and trial exhibits, expert reports, attorney work product, and

9  consultant and expert work product, even if such materials contain Protected Material.  Any such

10  archival copies that contain or constitute Protected Material remain subject to this Protective

11  Order as set forth in Section 4 (DURATION).

12  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

13

14  DATED:  June 5, 2014                          /s/ Daniel J. Mulligan
                                                  Attorneys for Plaintiffs
15                                                Beatriz and Antonio Esquivel

16

17  DATED:  June 5, 2014                          /s/ Robert B. Bader
                                                  Attorneys for Defendants Bank of America N.A.
18                                                and Bank of America Corporation

19

20

21

22

23

24

25

26

27

28

ORDER

Upon reading the foregoing Stipulation, and good cause appearing therefore, IT IS SO ORDERED.

Dated:  June 12, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of <u>Esquivel v. Bank of America, N.A., et al,</u> Case No. 12-CV-2502-GEB-KJN. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Dated:_____

City and State where sworn and signed:_____

Printed name:_____
                            [printed name]


Signature:_____