UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ESQUIVEL and BEATRIZ ESQUIVEL, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION,<br><br>　　　　Defendants. | No. 2:12-cv-02502-GEB-KJN<br><br>**ORDER DENYING PLANITIFFS' SEALING REQUEST** |

On March 30, 2015, Plaintiffs submitted for in camera consideration a Request to Seal Documents, a proposed sealing order, and the documents sought to be sealed. The documents requested to be sealed are referenced in a publicly filed Notice of Request to Seal Documents as certain, itemized "exhibits . . . included as . . . attachment[s] to the declaration of Noah Zinner, Esq. in support of Plaintiffs' Motion for Class Certification and Appointment of Class Counsel[,]" and "Plaintiffs' unredacted Motion for Class Certification and Appointment of Class Counsel[,[1] which] contain[s] information taken from these exhibits." (Pls.' Notice of Req. to Seal 2:10-

---

[1] A redacted version of Plaintiffs' class certification motion was filed on the public docket. (See ECF No. 64.)

1

14, ECF No. 65.) Plaintiffs seek to file the referenced documents under seal, arguing they are obligated to do so since each of the itemized exhibits was designated as "confidential" by Bank of America, N.A. under "the Stipulated Protective Order in this action (Dkt. #58)." (Id. at 2:2-10.)

"Two standards generally govern [requests] to seal documents like the one at issue here." Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677 (9th Cir. 2010). "[J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006). "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." Id. Whereas, "[a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." Id. "The Ninth Circuit has not yet addressed whether or not, or under what circumstances, a motion for class certification is a dispositive motion for purposes of deciding what standard applies on sealing motions, and . . . [district] courts in [the Ninth Circuit] have reached different conclusions." Herskowitz v. Apple, Inc., No. 12-cv-02131-LHK, 2014 WL 3920036, at *2 (N.D. Cal. Aug. 7, 2014) (internal quotation marks, citation, and brackets omitted).

Here, Plaintiffs have neither shown which sealing standard applies to their sealing request, nor demonstrated that the applicable standard has been met. Even under the lesser "good cause" standard, "'the party seeking protection bears the burden of showing specific prejudice or harm will result' if the request

2

to seal is denied." Ross v. Bar None Enterprises, No. 2:13-cv-00234-KJM-KJN, 2014 WL 2700901, at *2 (E.D. Cal. June 13, 2014) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002)); see also Herskowitz, 2014 WL 3920036, at *2 ("Even under the 'good cause' standard . . . , a party must make a 'particularized showing' with respect to any individual document in order to justify sealing the relevant document." (quoting Kamakana, 447 F.3d at 1180)). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning' are insufficient." Ross, 2014 WL 2700901, at *2 (quoting Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992)).

For the stated reasons, Plaintiffs' sealing request is DENIED. Further, since Local Rule 141(e)(1) prescribes that if a sealing "[r]equest is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied," the documents emailed to the courtroom deputy clerk for judicial in camera consideration are treated as having been returned to the Plaintiffs. United States v. Baez-Alcaino, 718 F. Supp. 1503, 1507 (M.D. Fla. 1989) (indicating that when a judge denies a sealing request the party submitting the request then decides how to proceed in light of the ruling).

Dated: March 31, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge

3