1

2

3

4                          UNITED STATES DISTRICT COURT

5                         EASTERN DISTRICT OF CALIFORNIA

6

7   ANTONIO ESQUIVEL and BEATRIZ          No. 2:12-cv-02502-GEB-KJN
    ESQUIVEL, individually, on
8   behalf of all others
9   similarly situated, and on
    behalf of the general public,        **ORDER REGARDING STIPULATED
10                                        SEALING REQUEST**
                Plaintiffs,
11
         v.
12
    BANK OF AMERICA, N.A.; BANK
13  OF AMERICA CORPORATION,

14              Defendants.

15

16          On July 2, 2015, the parties submitted for in camera

17  consideration a Stipulated Request to Seal Class Certification

18  Documents, a declaration in support thereof, the documents sought

19  to be sealed, a proposed redacted version of Plaintiffs' Motion

20  for Class Certification, and a proposed sealing order.

21          The parties seek to file the following documents under

22  seal in their entirety for a period of no less than six years: an

23  unredacted version of Plaintiffs' Motion for Class Certification

24  and exhibits 1, 2, 4, 8-13, and 15 to the Declaration of Noah

25  Zinner in support thereof. The parties argue:

26              All of these documents have been
                designated as "CONFIDENTIAL" pursuant to the
27              Parties' Stipulated Protective Order and
                there is good cause to seal these documents.
28              Some of these documents contain confidential

                                    1

and proprietary information of Bank of
America that is not available to Bank of
America's competitors or the public at large.
Public disclosure of this information would
harm Bank of America and put it at a
competitive disadvantage. Other of these
documents contain personal financial
information of Plaintiffs.

(Notice Stipulated Req. to Seal ("Notice") 3:3-8, ECF No. 80.)

Specifically, the parties argue:

> Zinner Decl. Exhibits 1, 2, and 4
> contain individual personal information that
> is protected from disclosure, borrower
> specific and/or credit applicant specific
> information that is derived using nonpublic
> personal information, and/or information
> regarding Plaintiffs' banking or lending
> relationships, including information
> regarding Plaintiffs' mortgage or credit
> history.

> Zinner Decl. Exhibits 4, 8-13 and 15
> contain information that constitutes a trade
> secret, and/or reflecting non-public business
> strategies, and/or confidential competitive
> information which, if disclosed, would result
> in competitive harm to [Defendants]. . . .

> . . . Bank of America's servicing
> records (Exhibit 4), policies and procedures
> (Exhibit 12), and the excerpts from the
> deposition transcripts of Bank of America
> employees . . . (Exhibits 8, 9, 10, 11, 13,
> 15) contain information related to Bank of
> America's loan servicing and modification
> practices that are proprietary to Bank of
> America. Bank of America's loan servicing and
> modification practices are complex business
> operations that depend on a sophisticated
> body of internal policies and procedures that
> require significant time and human resources
> to develop and thus have substantial value to
> the bank. Filing them on a public docket
> would disadvantage Bank of America by making
> information about its proprietary, internal
> policies available to other institutions that
> have not invested the time and resources
> necessary to develop them.

(Stipulated Req. to Seal ("Req.") 4:3-5:24 (internal quotation

1  marks, citations, and alternations omitted).)

2  The parties also "request an order permitting

3  Plaintiffs to file a redacted version of their Motion for Class

4  Certification, because portions of the Motion reference or

5  discuss confidential or proprietary information contained in the

6  aforementioned [exhibits]." (Notice 3:12-15.)

7  **I. LEGAL STANDARD**

8  "Courts have long recognized a 'general right to

9  inspect and copy public records and documents, including judicial

10  records and documents.'" Williams v. U.S. Bank Nat'l Ass'n, 290

11  F.R.D. 600, 604 (E.D. Cal. 2013) (quoting Nixon v. Warner

12  Commc'ns, Inc., 435 U.S. 589, 597 (1978)). "Unless a particular

13  court record is one 'traditionally kept secret,' a 'strong

14  presumption in favor of access' is the starting point." Kamakana

15  v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir.

16  2006) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d

17  1122, 1135 (9th Cir. 2003)). "In order to overcome this strong

18  presumption, a party seeking to seal a judicial record must

19  articulate justifications for sealing that outweigh the

20  historical right of access and the public policies favoring

21  disclosure." Williams, 290 F.R.D. at 604 (citing Kamakana, 447

22  F.3d at 1178-79).

23  "Two standards generally govern [requests] to seal

24  documents . . . ." Pintos v. Pac. Creditors Ass'n, 605 F.3d 665,

25  677 (9th Cir. 2010). "[J]udicial records attached to dispositive

26  motions [are treated] differently from records attached to non-

27  dispositive motions." Kamakana, 447 F.3d at 1180. "[T]he

28  resolution of a dispute on the merits, whether by trial or

1   summary judgment, is at the heart of the interest in ensuring the

2   public's understanding of the judicial process and of significant

3   public events." Kamakana, 447 F.3d at 1179 (quoting Valley

4   Broadcasting Co. v. U.S. Dist. Ct., 798 F.2d 1289, 1294 (9th Cir.

5   1986)). "Accordingly, a party seeking to seal a judicial record

6   attached to a dispositive motion or one that is presented at

7   trial must articulate 'compelling reasons' in favor of sealing."

8   Williams, 290 F.R.D. at 604 (citing Kamakana, 447 F.3d at 1178).

9   "In general, 'compelling reasons' sufficient to outweigh the

10  public's interest in disclosure and justify sealing court records

11  exist when such 'court files might have become a vehicle for

12  improper purposes,' such as the use of records to gratify private

13  spite, promote public scandal, circulate libelous statements, or

14  release trade secrets." Kamakana, 447 F.3d at 1179 (quoting

15  Nixon, 435 U.S. at 598). "'[S]ources of business information that

16  might harm a litigant's competitive standing' often warrant

17  protection under seal." Williams, 290 F.R.D. at 604 (alteration

18  in original) (quoting Nixon, 435 U.S. at 598).

19          In contrast, "[t]he Ninth Circuit has determined that

20  the public's interest in non-dispositive motions is relatively

21  lower than its interest in trial or a dispositive motion.

22  Accordingly, a party seeking to seal a document attached to a

23  non-dispositive motion need only demonstrate 'good cause' to

24  justify sealing." Williams, 290 F.R.D. at 604 (citing Pintos, 605

25  F.3d at 678). Even under the lesser "good cause" standard, "'the

26  party seeking protection bears the burden of showing specific

27  prejudice or harm will result' if the request to seal is denied."

28  Ross v. Bar None Enters., No. 2:13-cv-00234-KJM-KJN, 2014 WL

2700901, at *2 (E.D. Cal. June 13, 2014) (quoting <u>Phillips ex</u> <u>rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The movant "must make a 'particularized showing' with respect to any individual document in order to justify [its] sealing . . . ." <u>Herskowitz v. Apple, Inc.</u>, No. 12-CV-02131-LHK, 2014 WL 3920036, at *2 (N.D. Cal. Aug. 7, 2014) (quoting <u>Kamakana</u>, 447 F.3d at 1180). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning' are insufficient." <u>Ross</u>, 2014 WL 2700901, at *2 (quoting <u>Beckman Indus., Inc. v. Int'l Ins. Co.</u>, 966 F.2d 470, 476 (9th Cir. 1992)).

"The Ninth Circuit has not yet addressed whether or not, or under what circumstances, a motion for class certification is a dispositive motion for purposes of deciding what standard applies on sealing motions, and . . . [district] courts in [the Ninth Circuit] have reached different conclusions." <u>Herskowitz</u>, 2014 WL 3920036, at *2 (internal quotation marks, citation, and brackets omitted). The parties contend the good cause standard applies to their joint sealing request, although they argue their requests "also meet[] the higher 'compelling reason' standard." (Req. 3:20-22, 3 n.1.)

The Court need not decide which standard applies to the instant request since the parties have not provided sufficient justification to seal the majority of the documents under the lesser good cause standard, and Defendants have shown that the remaining document should be sealed under the heightened compelling interest standard.

5

1

## II. DISCUSSION

2        The parties have not shown good cause to seal Exhibit 1
3   (Commitment and Offer to Modify Mortgage and for Partial Claim
4   dated February 15, 2012), Exhibit 2 (Loan Modification
5   Agreement), and Exhibit 4 (excerpt from Bank of America's
6   servicing records concerning Plaintiffs' account). "Although [the
7   parties] allege the[se] documents" contain "individual personal
8   information that is protected from disclosure, . . . including
9   information regarding Plaintiffs' mortgage or credit history[,]"
10  the documents "do[] not actually appear to involve any
11  information of this nature." In re High-Tech Emp. Antitrust
12  Litig., No. 11-CV-02509-LHK, 2013 WL 163779, at *9 (N.D. Cal.
13  Jan. 15, 2013). For example, Plaintiffs' account number is
14  partially redacted in Exhibits 1 and 2 as required by Federal
15  Rule of Civil Procedure 5.2(a). Further, Exhibit 1 is referenced
16  in the Complaint, (see Compl. ¶¶ 17, 18, ECF No. 1), and Exhibit
17  2 is an attachment to the Complaint. (Id. Ex. 2.) See Lane v.
18  Wells Fargo Bank, N.A., No. C 12-04026 WHA, 2013 WL 2627487, at
19  *1 (N.D. Cal. June 11, 2013) (denying request to seal information
20  available on the public docket); accord Apple Inc. v. Samsung
21  Elec. Co. Ltd., No. 11-CV-01846 LHK (PSG), 2012 WL 4120541, at *2
22  (N.D. Cal. Sept. 18, 2012). Also, although the parties assert
23  Exhibit 4 "contain[s] information related to Bank of America's
24  loan servicing and modification practices" the disclosure of
25  which "would disadvantage Bank of America[,]" "[t]he information
26  contained in this exhibit "is not sufficiently detailed to be
27  likely to result in competitive harm to [Defendants], and [the
28  parties] ha[ve] not established with sufficient particularity

1   that any portion constitutes information that is . . .
2   protectable." <u>Lane</u>, 2013 WL 2627487, at * 2; <u>accord</u> <u>Welle v.</u>
3   <u>Provident Life & Accident Ins. Co.</u>, No. 3:12-cv-3016 EMC (KAW),
4   2013 WL 6055369, at *2 (N.D. Cal. Nov. 14, 2013) (stating "the
5   limited material at issue does not appear to be sufficiently
6   detailed to be likely to result in competitive harm").
7   Accordingly, the request to seal Exhibits 1, 2, and 4 is DENIED.

8          The parties also have not shown good cause justifies
9   sealing Exhibits 8-11, 13, and 15 (portions of certain deposition
10  transcripts). Although the referenced transcripts concern
11  Defendants' loan servicing and modification practices, "the
12  information actually discussed in the transcript[s] is too
13  general or nonspecific to warrant sealing." <u>Lane</u>, 2013 WL
14  2627487, at *2. Therefore, the request to seal Exhibits 8-11, 13,
15  and 15 is DENIED.

16         The parties have provided compelling reasons to seal
17  Exhibit 12 (Bank of America policy and procedure document
18  regarding credit corrections). This document "is an outline" of
19  the procedures "implemented by Defendants" to correct a
20  homeowner's credit report once his or her loan has been modified.
21  <u>Davis v. Social Serv. Coordinators, Inc.</u>, No. 1:10-cv-02372-LJO-
22  SKO, 2012 WL 1940677, at *2 (E.D. Cal. May 29, 2012). "[S]hould
23  it be disseminated publically, [it] may allow Defendants'
24  competitors to reap the benefit of the [outlined procedures]
25  without having to incur the costs associated with developing
26  the[m]." <u>Id.</u>; <u>accord</u> <u>Hart v. U.S. Bank NA</u>, No. CV 12-2471-PHX-
27  JAT, 2013 WL 5965637, at *10 (D. Ariz. Nov. 8, 2013) (granting
28  request to seal credit policies stating "[t]hese policies contain

1 detailed information regarding Defendant's underwriting decision

2 making process[,]" and "include credit decision matrixes which

3 calculate credit decisions"). Therefore, the request to seal

4 Exhibit 12 is GRANTED.

5      Further, the request to file the proposed redacted

6 version of Plaintiff's class certification motion is DENIED since

7 the parties have not provided sufficient justification for the

8 proposed redactions. Even the motion's reference to Exhibit 12,

9 which this order decides may be filed under seal, is too general

10 to support redaction.

11                    **III.  CONCLUSION**

12      For the stated reasons, the parties' stipulated sealing

13 request is granted in part and denied in part. It is denied

14 except to the extent Defendants request to seal Exhibit 12 to the

15 Declaration of Noah Zinner. Defendants shall provide to the Clerk

16 an electronic copy of this exhibit to be filed under seal as

17 prescribed in Local Rule 141(e)(2)(i).

18 Dated:  July 10, 2015

19

20      _____

21      GARLAND E. BURRELL, JR.
        Senior United States District Judge

22

23

24

25

26

27

28