UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ESQUIVEL and BEATRIZ ESQUIVEL, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION,<br><br>Defendants. | No. 2:12-cv-02502-GEB-KJN<br><br>**ORDER REGARDING JULY 31, 2015 SEALING REQUEST** |

On July 31, 2015, the parties submitted for in camera consideration a Stipulated Request to Seal Class Certification Opposition Documents, a declaration in support thereof, the documents sought to be sealed, a proposed redacted version of Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Opposition"), and a proposed sealing order.

The parties seek to file the following documents under seal for a period of no less than six years: an unredacted version of Defendants' Opposition, the Declaration of Sandra Evans in Support thereof, and exhibits 1-3, 5, 7, and 13-17 to the Declaration of Alyssa Sussman in support thereof. The parties argue:

1

> All of [these] documents have been designated as "CONFIDENTIAL" pursuant to the Parties' Stipulated Protective Order and there is good cause to seal these documents. Some of these documents contain [Defendants'] confidential and proprietary information . . . that is not available to [their] competitors or the public at large. Public disclosure of this information would harm [Defendants] and put [them] at a competitive disadvantage. Other of these documents contain personal financial information of Plaintiffs.

(Notice Stipulated Req. to Seal ("Notice") 1:24-2:2, ECF No. 85.)

Specifically, the parties argue:

> These documents contain information that constitutes a trade secret, and/or reflecting non-public business strategies, and/or confidential competitive information which, if disclosed, would result in competitive harm to [Defendants]. Courts regularly find that confidential and proprietary information is properly designated confidential and should be filed under seal.
>
> Exhibits 1-3, 5, 7, and 13-17[,] and the Declaration of Sandra Evans in support of the Opposition meet this standard. These documents contain information related to [Defendants'] loan servicing and modification practices that are proprietary to [Defendants]. [Defendants'] loan servicing and modification practices are complex business operations that depend on a sophisticated body of internal policies and procedures that require significant time and human resources to develop and thus have substantial value to the bank. Filing them on a public docket would disadvantage [Defendants] by making information about [their] proprietary, internal policies available to other institutions that have not invested the time and resources necessary to develop them.
>
> [Defendants] take[] reasonable efforts to maintain the secrecy of this valuable and sensitive information, which is not generally known to the public or to [Defendants'] competitors. Because the disclosure of these documents would be harmful to [Defendants] by providing [their] competitors the opportunity

2

> to create or modify their own practices and procedures to match (or beat) [Defendants'], good cause exists to file these documents under seal.
>
> In addition, Exhibits 5, 7, 13, and 17 contain individual personal information that is protected from disclosure, borrower specific and/or credit applicant specific information that is derived using nonpublic personal information, and/or information regarding Plaintiffs' banking or lending relationships, including . . . information regarding [Plaintiffs'] mortgage or credit history.

(Id. at 4:4-4:10, 5:6-6:8 (internal quotation marks, citations, and alteration omitted).)

The parties also "request an order permitting [Defendant] to file a redacted version of its Opposition . . . , because portions of the brief reference or discuss confidential or proprietary information contained in the aforementioned exhibits and declaration." (Notice 2:5-9.)

**I. LEGAL STANDARD**

"Two standards generally govern [requests] to seal documents . . . ." Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677 (9th Cir. 2010). "[J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006). "[A] party seeking to seal a judicial record attached to a dispositive motion or one that is presented at trial must articulate 'compelling reasons' in favor of sealing." Williams v. U.S. Bank Nat'l Ass'n, 290 F.R.D. 600, 604 (E.D. Cal. 2013) (citing Kamakana, 447 F.3d at 1178). In contrast, "a party seeking to seal a document attached to a non-dispositive motion need only demonstrate 'good cause' to justify

3

1  sealing." Williams, 290 F.R.D. at 604 (citing Pintos, 605 F.3d at
2  678).

3  Even under the lesser "good cause" standard, "'the
4  party seeking protection bears the burden of showing specific
5  prejudice or harm will result' if the request to seal is denied."
6  Ross v. Bar None Enters., No. 2:13-cv-00234-KJM-KJN, 2014 WL
7  2700901, at *2 (E.D. Cal. June 13, 2014) (quoting Phillips ex
8  rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11
9  (9th Cir. 2002)). The movant "must make a 'particularized
10 showing' with respect to any individual document in order to
11 justify [its] sealing . . . ." Herskowitz v. Apple, Inc., No. 12-
12 CV-02131-LHK, 2014 WL 3920036, at *2 (N.D. Cal. Aug. 7, 2014)
13 (quoting Kamakana, 447 F.3d at 1180). "'Broad allegations of
14 harm, unsubstantiated by specific examples or articulated
15 reasoning' are insufficient." Ross, 2014 WL 2700901, at *2
16 (quoting Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470,
17 476 (9th Cir. 1992)).

18 The Court need not decide which standard applies to the
19 instant request since the parties have not provided sufficient
20 justification to seal any document under the lesser good cause
21 standard.

## II. DISCUSSION

23 Defendants have not shown good cause to seal Exhibits 2
24 and 3 (portions of certain deposition transcripts) and Sandra
25 Evans' Declaration. Although these documents reference
26 Defendants' loan servicing and modification practices, the
27 information discussed is too general to warrant sealing.
28 Therefore, Defendants' request to seal these documents is DENIED.

4

Defendants also have not shown good cause to seal Exhibits 14-16 (sample Bank of America loan modification agreements). "Although [Defendants] identif[y] the [documents] as proprietary and confidential, [Defendants have] not provide[d] reasons beyond the boilerplate references to competitive disadvantage if the [documents] were publically available." Welle v. Provident Life & Accident Ins. Co., No. 3:12-cv-3016 EMC (KAW), 2013 WL 6055369, at *2 (N.D. Cal. Nov. 14, 2013). "[W]hile [Defendants] assert[] competitive harm may result, [they] ha[ve] not shown why that is likely to be the case." Id.; see also Martin v. Wells Fargo Bank, N.A., No. CV 12-06030 SI, 2013 WL 5441973, at *2-3 (N.D. Cal. Sept. 30, 2013) ("Simply mentioning a general category of privilege without any further elaboration or any specific linkage with the documents does not satisfy the burden. Neither do broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." (internal quotation marks, citations, and alteration omitted)). Therefore, Defendants' request to seal Exhibits 14-16 is DENIED.

The remainder of Defendants' June 2, 2015 sealing request, i.e., the request to seal Exhibits 1, 5, 7, 13, and 17, is overbroad since Defendants have not shown why targeted redactions would not adequately protect the privacy interests concerning credit histories and personal financial information.[1] "Because of the strong presumption of access to [court] records[,]" "[s]ealing orders . . . must be narrowly tailored." Perry v. City & Cnty. of S.F., No. 10-16696, 2011 WL 2419868, at

---

[1] Federal Rule of Civil Procedure 5.2(a) authorizes parties to redact, without obtaining a court order, portions of a person's financial-account number.

5

*21 (9th Cir. 2011). Therefore, "any interest justifying closure must be specified with particularity, and there must be [a showing] that the [sealing requested] is narrowly confined to protect that interest." Id. (internal quotation marks, citation, and emphasis omitted). "For this reason, any sealing order must . . . use less restrictive alternatives that do not completely frustrate the public's . . . right[] of access." Id. For example, "[i]n many cases, courts can accommodate [privacy] concerns by redacting sensitive information rather than [sealing] the materials entirely." United States v. Bus. of Custer Battlefield Museum & Store, 658 F.3d 1188, 1195 n.5 (9th Cir. 2011); see also Press-Enterprise Co. v. Sup. Ct., 464 U.S. 501, 513 (1984) ("Those parts of the transcript reasonably entitled to privacy could have been sealed without such a sweeping order . . . ."). Therefore, Defendants' request to seal Exhibits 1, 5, 7, 13, and 17 is DENIED.

Further, Defendants' request to file a redacted version of their Opposition is DENIED since Defendants have not shown that any referenced exhibit or declaration should be sealed.

Dated:  August 5, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge